### H. Y. GARDNER *v.* C. S. GREER.

**Bills and Notes—Failure of Consideration.**

 If the note sued on was not given in consideration of the sale of the note on Thomas, but only for a promised loan of the money expected to be paid by Thomas, which was never made, there was a failure of consideration; although the defendant may have incurred a liability by laches in not collecting the note on Thomas, such negligence did not render the note of the defendant obligatory if the anticipated consideration failed.

### APPEAL FROM WARREN CIRCUIT COURT.

December 20, 1870.

OPINION BY JUDGE HARDIN:

The instruction marked "B," given on the last trial at the plaintiff's instance in effect that, although the jury might believe from the evidence that the defendant took the note on Thomas to collect and not as a purchaser as alleged in the answer, yet the jury should find against him on the note given by him, if he failed to use proper diligence, and might thereby have made the debt of Thomas, seems to us to have been misleading and erroneous.

If it were true, as alleged in the defense, and there was some evidence conducing to prove, that the note sued on was not given in consideration of a sale of the note on Thomas, but only for a promised loan of the money expected to be paid by Thomas, which was never made, there was a failure of consideration; although the defendant may have incurred a liability by laches in not collecting the note or withholding it, if by so doing loss or injury resulted to the plaintiff, but such neglect did not render the note of the defendant obligatory if the anticipated consideration failed. We perceive no valid objection to the other instructions and rulings of the court, nor does it appear that there was such abuse of the discretion of the court in setting aside the first verdict as to authorize the affirmance of the judgment rendered thereon, and set aside by the court.

Wherefore, the judgment is reversed and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

*Underwood,* for appellant.

*Bates,* for appellee.